**SOLLENNE FAMILY TRUST; et al., Plaintiffs-Appellants,**

v.

**CMG MORTGAGE, INC.; et al., Defendants-Appellees.**

No. 15-56296

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2017 *

Filed May 31, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sollenne Family Trust, Pro Se

Patricia D. Sollenne, Pro Se

Peter R. Sollenne, Pro Se

Robert R. Yap, Attorney, Akerman LLP, Los Angeles, CA, Melissa L. Cizmorris, Attorney, Akerman LLP, Denver, CO, for Defendants-Appellees

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM **

Plaintiffs appeal pro se from the district court's judgment dismissing for lack of jurisdiction their action alleging various claims arising from a foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gager v. United States*, 149 F.3d 918, 920 (9th Cir. 1998). We affirm.

The district court properly dismissed plaintiffs' action for lack of subject matter jurisdiction because plaintiffs failed to allege facts sufficient to show that there is a federal claim or that there is complete diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332, 2201; *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) ("[T]he operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction." (citation and internal quotation marks omitted)); *In re Digimarc Corp. Derivative Litig.*, 549

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (party asserting federal jurisdiction bears the burden of proving jurisdiction).

Plaintiffs' opposed emergency motion to stay foreclosure proceedings (Docket Entry No. 25) is denied.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.